IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PHILLIP D. DUCKETT )
)
v. ) NO. 3:10-0067
)
STATE OF TENNESSEE )

TO: Honorable Todd J. Campbell, Chief District Judge

### R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered February 2, 2010 (Docket Entry No. 3), this action was referred to the Magistrate Judge for entry of a scheduling order, to dispose or recommend disposition of any pretrial motions pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the renewed motion to dismiss filed by the Defendant State of Tennessee (Docket Entry No. 22), to which the Plaintiff has filed a response.[1]

For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

### I. BACKGROUND

On January 14, 2010, the Plaintiff filed this action pro se and in forma pauperis seeking damages against the State of Tennessee. The action was filed on a form complaint stating that it was

---

[1] The Plaintiff's letter (Docket Entry No. 32), was construed by the Court as his response in opposition to the renewed motion to dismiss. See Docket Entry No. 31.

brought under Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"). The entire statement of facts contained in his complaint is as follows:

> I was injured on the job at state employment. Later, I was found to be in the right and settled workmans comp [sic] out of court. I need back pay for my 20 years of service if I would not have been injured and let go do [sic] to that same injury.

See Complaint (Docket Entry No. 1) at 3.

In lieu of an answer, the Defendant filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. By Report and Recommendation entered May 24, 2010 (Docket Entry No. 12), the Magistrate Judge recommended that the motion to dismiss be granted because the Plaintiff failed to state a claim under Title VII, which was the only statutory basis for a claim asserted in the Complaint.

In response to the Report and Recommendation, the Plaintiff filed a document (Docket Entry No. 16) which the Court construed as a motion for leave to amend the complaint to assert a claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611 et seq. See Docket Entry No. 17. Accordingly, the Court rejected the Report and Recommendation, denied the Defendant's motion to dismiss without prejudice to being refiled, granted the Plaintiff's request to amend, and gave the Plaintiff until July 15, 2010, to file an Amended Complaint. Id. On July 19, 2010, the Plaintiff filed a narrative of his claim in the form of a letter. See Docket Entry No. 21. By Order entered August 2, 2010 (Docket Entry No. 24), the Court directed the Clerk to docket the letter as an amended complaint (Docket Entry No. 25).

By its renewed motion to dismiss, the Defendant renews its argument that the Plaintiff's pleadings fail to state a claim upon which relief can be granted under Title VII because his allegations fail to allege any conduct which, even if taken as true, establishes a violation of Title VII. The Defendant further argues that the Plaintiff's amended complaint fails to allege any conduct which

occurred within the applicable statute of limitations for bringing a claim under the FMLA. See Memorandum in Support (Docket Entry No. 23).

The Plaintiff's response essentially continues to assert the factual allegations he has made in his prior letters. See Docket Entry Nos. 16 and 21. However, the response does not address the Defendant's specific argument that the Plaintiff has brought his FMLA claim too late.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal

conclusions or unwarranted factual inferences. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000).

### III. ANALYSIS

The instant action should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

The Plaintiff's pleadings fail to allege any facts which even plausibly support a claim under Title VII. Although the Plaintiff checkmarked in his complaint that he was discriminated against because of his race, color, sex, and religion, he has not alleged any facts supporting a claim of discrimination under any of these classes.

Despite the general statements of Title VII discrimination in the Plaintiff's complaint, the true basis for his action appears to be a claim that he was retaliated against because he exercised his right to take a leave of absence under the FMLA. However, based upon the allegations made by the Plaintiff in his amended complaint, his action was filed beyond the applicable statute of limitations.

The FMLA provides:

> (1) In general
> Except as provided in paragraph (2), an action may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought.
>
> (2) Willful violation
> In the case of such action brought for a willful violation of section 2615 of this title, such action may be brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought.

29 U.S.C. § 2617(c)(1)-(2); Ricco v. Potter, 377 F.3d 599, 602 (6th Cir. 2004).

As the Defendant points out, a fair reading of the amended complaint is that the last workplace event upon which the FMLA claim can be based occurred on December 15, 2006, when

4

it appears that the Plaintiff's termination was effective.[2] Given that the Plaintiff's original complaint and application to proceed in forma pauperis were received by the Clerk on January 14, 2010, the Plaintiff's claim under the FMLA was not timely filed even under the three year statute of limitations.

Although attachments to the Plaintiff's original complaint show that he filed some type of Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter on October 15, 2009, the FMLA does not contain an exhaustion requirement. See Krohn v. Forsting, 11 F.Supp.2d 1082, 1085 (E.D.Mo. 1998). Accordingly, the Plaintiff's filing of the EEOC Charge of Discrimination, even if the Court assumes that it pertained to the FMLA claim, does not act to toll the applicable statute of limitations.

Although pro se complaints are to be construed liberally, Haines v. Kerner, 404 U.S. 509 (1972), that liberality does not allow the Court to conjure up unpled facts. McFadden v. Lucas, 713 F.2d 143, 147, n.4 (5th Cir. 1983); Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977). The Plaintiff simply fails to include in his pleadings factual allegations which show that he is entitled to relief. Further, in response to the arguments for dismissal raised by the Defendant, the Plaintiff has not set forth any factual basis for concluding that his action was timely filed. Although the Plaintiff is proceeding pro se, the Court should not have to guess or surmise facts in order to sustain the Plaintiff's claim when the claim is challenged via a motion to dismiss.

---

[2] In the letter filed by the Plaintiff in response to the original Report and Recommendation he refers to the date "Feb. 14, 2007." See Docket Entry No. 16, at 9. This date appears to be the date upon which some type of written ruling was made in his worker's compensation case and not the date of any workplace event upon which his FMLA claim can be based.

5

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the renewed motion to dismiss (Docket Entry No. 22) filed by the Defendant State of Tennessee be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge